1  Stephen J. Estey, Esq. SB# 163093
2  ESTEY & BOMBERGER, LLP
   2869 India Street
3  San Diego, CA 92103
   Tel: (619) 295-0035
4  Fax: (619) 295-0172
5  Attorney for Claimant, Javier Acosta

6
7
8
9                      UNITED STATES DISTRICT COURT
10                    SOUTHERN DISTRICT OF CALIFORNIA
11  UNITED STATES OF AMERICA,      )   CASE NO.: 07-CV-0819-JAM (JMA)
                                   )
12                 Plaintiff,      )
                                   )   Claimant Javier Acosta's Reply to the
13       v.                        )   Government's Opposition to Claimant's
                                   )   Request to Appear Telephonically at the
14  $1,474,770.00 in U.S. Currency,)   July 11, 2007 ENE
                                   )
15                 Defendant.      )   Magistrate Jan Adler
                                   )   ENE:   July 11, 2007
16                                     TIME:  10:00 a.m.

17                                    I.
                                 INTRODUCTION
18
19       Initially, it should be noted that the undersigned is not a criminal defense attorney and is
20  not representing Claimant Javier Acosta in any criminal proceedings that may be related to the
21  instant civil forfeiture matter. (See Declaration of Stephen J. Estey filed herewith). More
22  important, at no time has the undersigned ever represented to anyone that he was going to
23  represent Mr. Acosta in any related criminal proceedings. (Id.). Nevertheless, the government,
24  without any facts or confirmation in this regard, has simply assumed that the undersigned was
    going to act as Mr. Acosta's criminal attorney (in addition to handling the civil forfeiture matter).
25  As noted below, the government has made many more assumptions in its Opposition to
    Claimant's Request to Appear Telephonically at the upcoming ENE.

## II.
## ARGUMENT

### § 2466. Fugitive disentitlement

(a) A judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person--

(1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution--

    (a) purposely leaves the jurisdiction of the United States;

    (b) declines to enter or reenter the United States to submit to its jurisdiction; or

    (c) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and

(2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction

In the instant case, there is no evidence before this court that Mr. Acosta has "purposefully" left the jurisdiction of the United States. To the contrary, all indications are that he is a Mexican national residing in Mexico. Furthermore, there is no evidence that he has "declined to enter or reenter the United States to submit to its jurisdiction." In other words, the criminal complaint was filed in early May. As noted, the undersigned is not representing Mr. Acosta in connection with the criminal proceeding; however, to the undersigned's knowledge, Mr. Acosta has not expressly "declined to enter or reenter the United States to submit to its jurisdiction." Rather, the government appears to be simply assuming this for the purposes of their instant opposition.

In its opposition papers the government cites many cases ostensibly upholding the "fugitive disentitlement doctrine"; however, most of these cases involve individuals who have already been convicted of a crime. (See, e.g. *Molinaro v. New Jersey*, (1970) 396 US 365 - - Molinaro already convicted of abortion and conspiracy to commit abortion). In the instant case, Mr. Acosta has not been convicted of anything. While he has been indicted on one count of money laundering, the probable cause for his arrest (as set forth in the Statement of Facts attached to the indictment) is suspect, at best. For example, the government has stated that Acosta was pulled over by a San Diego Police Officer for expired registration tags on Mexican license plates. It is unclear how a San Diego Police officer would be able to see the tags on the plates while driving on the freeway (they are very small), know how they were out of date (assuming they were) or believe he had any jurisdiction over a Mexican DMV issue. Nevertheless, based upon the expired Mexican tags alone, the police officer "requested" to search the vehicle. Shortly thereafter, the government alleges that Acosta "spontaneously" told the officers about where his money was located (i.e. in the car and at the condo in La Jolla). On its face, this "basis" for probable cause strains credulity.

In any event, the government has gone to great lengths to brief a case that was overruled by the Supreme Court long ago [i.e. *United States v. Real Property Located at Incline Village*, (9th Cir. 1995) 47 F.3d 1511]. In overruling the Incline Village matter, the Court noted the following: "There is no risk in this case of delay or frustration in determining the merits of the Government's forfeiture claims or in enforcing the resulting judgment. The Government has shown probable cause to forfeit the property, and Degen must refute the showing or suffer its loss. Since the court's jurisdiction over the property is secure despite Degen's absence, there is no danger the court in the forfeiture suit will waste its time rendering a judgment unenforceable in practice." [*Degen v. United States*, (1996) 517 US 820].

Of course, in the instant case the government has not shown probable cause to forfeit the property but the principles set forth in *Degen* still apply. In other words, there is no compelling reason to apply the "fugitive disentitlement doctrine" in a case where the court has other options

1  to ensure a fair forfeiture proceeding (e.g. the Federal Rules of Civil Procedure). (See *Degan*, at
2  826).

5  Based on the foregoing, Claimant respectfully requests that he be entitled to appear at the
6  upcoming ENE by telephone.

### III.
### CONCLUSION

Date: June 11, 2007

Respectfully Submitted,

ESTEY & BOMBERGER, LLP

Stephen J. Estey, Esq.
Attorney for Claimant, Javier Acosta

Stephen J. Estey, Esq. SB# 163093
ESTEY & BOMBERGER, LLP
2869 India Street
San Diego, CA 92103
Tel: (619) 295-0035
Fax: (619) 295-0172

Attorney for Claimant, Javier Acosta

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>$1,474,770.00 in U.S. Currency,<br><br>    Defendant. | CASE NO.: 07-CV-0819-JAM (JMA)<br><br>Declaration of Stephen J. Estey, Esq. in Support of Javier Acosta's Reply to the Government's Opposition to Claimant's Request to Appear Telephonically at the July 11, 2007 ENE<br><br>Magistrate Jan Adler<br>ENE: July 11, 2007<br>TIME: 10:00 a.m. |

I, STEPHEN J. ESTEY, do hereby declare as follows:

1. I am an attorney with the law firm of Estey & Bomberger, attorneys for Claimant Javier Acosta. The matters set forth in this declaration are true of my own personal knowledge unless otherwise indicated, and, if called upon, I could and would testify competently thereto.

2. I am not a criminal defense attorney, nor am I representing Claimant Javier Acosta in any criminal proceedings that may be related to the instant civil forfeiture matter.

3. At not time have I represented to anyone that I was going to represent Mr. Acosta in any related criminal proceedings.

I declare under penalty of perjury under the laws of the State of California, the foregoing is true and correct.

Date: June 11, 2007

_____
Stephen J. Estey, Esq.
Attorney for Claimant, Javier Acosta

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| Title of Case: | ) | Case No.: 07-cv-0819-JAM (JMA) |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| vs. | ) | |
| $1,474,770.00 in U.S. CURRENCY | ) | |

Stephen J. Estey, Esq., SBN163093
**ESTEY & BOMBERGER, LLP**
2869 India Street
San Diego, CA 92103
(619) 295-0035; Fax (619) 295-0172
Attorneys for Plaintiff

## DECLARATION OF SERVICE

I am employed in the County of San Diego, State of California. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service. I am over the age of eighteen years and am not a party to the within entitled action; my business address is 2869 India Street, San Diego, CA 92103.

On June 11, 2007, I served the following:

**CLAIMANT JAVIER ACOSTA'S REPLY TO THE GOVERNMENT'S OPPOSITION TO CLAIMANT'S REQUEST TO APPEAR TELEPHONICALLY AT ENE**

**DECLARATION OF STEPHEN J. ESTEY, ESQ IN SUPPORT**

on the below parties in this action by placing a true copy (copies) thereof in a separate envelope(s), addressed as shown, for collection and mailing on the below indicated day pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

Karen P. Hewitt, Esq.
Leah R. Bussell, Esq.
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
(619) 557-6962
Attorney for Plaintiff United States of America

I declare under the penalty of perjury under the laws of the State of California that the foregoing executed on this 11 June 2007 at San Diego, California.

_/s/ Lisa Clark_
LISA CLARK